UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE KEMP TENNILLE, II,

    Petitioner,

v.

J.A. TERRIS,

    Respondent.
_____/

Case No. 19-cv-12632

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Lawrence Kemp Tennille, II, (petitioner), incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his sentence out of the U.S. District Court for the Eastern District of Kentucky for conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base and his sentence as a career offender.

For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is SUMMARILY DENIED.

**I. BACKGROUND**

Petitioner was convicted following a jury trial in the Eastern District of Kentucky and was sentenced as a career offender to life in prison. Petitioner's conviction and sentence was affirmed on direct appeal. *United States v. Tennille*, No. 97-6245, 2000 WL 191725, 205 F. 3d 1343 (6th Cir. Feb. 3, 2000)(Table).

Petitioner has filed several post-conviction motions to vacate sentence pursuant to 28 U.S.C. § 2255, which have all been denied either on the merits or for being an impermissibly filed successive motion to vacate sentence. *See United States v. Tennille*, No. 5:13-CV-7260-JMH-HAI, 2013 WL 12344191, at *2 (E.D. Ky. Oct. 21, 2013*), report and recommendation adopted*, No. 5:13-CV-7260-JMH, 2013 WL 12344190 (E.D. Ky. Nov. 19, 2013).

In 2008, petitioner filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which was denied. The United States Court of Appeals for the Sixth Circuit affirmed the denial of the motion to reduce sentence. *United States v. Tennille*, 365 F. App'x. 613 (6th Cir. 2010).

Petitioner then attempted to challenge his sentence by filing a petition for writ of habeas corpus with the sentencing court pursuant to 28 U.S.C. § 2241, which was denied. *See United States v. Tennille*, No. 5:10-CV-7113-JMH, 2011 WL 13277567 (E.D. Ky. Feb. 4, 2011), *report and recommendation adopted*, No. 96-CR16-JMH, 2011 WL 13277618 (E.D. Ky. May 20, 2011).

In 2016, President Barack Obama commuted petitioner's life sentence to thirty years in prison.

Petitioner then filed another motion for sentence reduction, which was denied. *United States v. Tennille,* No. 96-CR16-JMH (E.D. Ky. Feb. 13, 2017)(Petitioner's Attachment 4).

In 2019, petitioner filed a motion with the sentencing court, in which he sought a further reduction of his sentence under the First Step Act of 2018. The sentencing judge denied petitioner's motion to reduce his sentence, finding that petitioner was not entitled to reduction of his sentence under either the First Step Act or the Fair Sentencing Act of 2010 because he had been sentenced to life imprisonment as a career offender and not under the sentencing guidelines. *United States v. Tennille*, No. 5:96-CR-016-JMH, 2019 WL 2163601 (E.D. Ky. May 17, 2019).

Petitioner filed his current habeas petition, in which he seeks a reduction of his sentence pursuant to the First Step Act of 2018.

## II. DISCUSSION

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face.

*McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254; 28 U.S.C. § 2243. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

The petition is subject to summary dismissal because it is facially insufficient to grant habeas relief. *See Alexander v. N. Bureau of Prisons*, 419 Fed. App'x. 544, 545 (6th Cir. 2011).

A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F. 3d 303, 307 (6th Cir. 2012).

Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley,* 677 F. 3d at 303. Thus, the mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent a petitioner from filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law, would not render the remedy provided by such motion inadequate or ineffective to allow him or her to petition for habeas corpus relief under 28 U.S.C. § 2241. *See Hervey v. United States*, 105 F. Supp. 2d 731, 733 (E.D. Mich. 2000). Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the one-year statute of limitations contained in the AEDPA to expire. *Charles,* 180 F. 3d at 758.

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F. 3d at 757.

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law. Section 404 of the First Step Act retroactively applies several sentencing reform provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). Petitioner claims that he is eligible for a further reduction of his sentence under the First Step Act.

As an initial matter, this Court recognizes that petitioner is no longer serving the life sentence that he originally received, as that was commuted to a sentence of thirty years by President Obama in 2016. *See United States v. Tennille*, 2019 WL 2163601, at * 1, n. 1. Petitioner's challenge to his original life sentence, however, is not moot by virtue of President Obama's commutation of his sentence to thirty

years, because if petitioner were to succeed on his current claim, the district court might sentence him to term less than his current commuted sentence. *See Dennis v. Terris*, 927 F.3d 955, 959 (6th Cir. 2019).

This Court, nonetheless, does not have jurisdiction to grant relief under the First Step Act because this Court was not the court that sentenced petitioner. A motion for a sentence reduction under the First Step Act must be filed with the court that imposed the actual sentence and not by filing a petition for writ of habeas corpus with the court in the district of incarceration. *Gallardo v. Rios*, No. 18-CV-00293 (ECT/HB), 2019 WL 3219694, at * 1 (D. Minn. July 17, 2019); *Glover v. Warden, FCI Ashland*, No. CV 6:19-1297-HMH-KFM, 2019 WL 3291016, at * 4 (D.S.C. June 28, 2019), *report and recommendation adopted*, No. CV 6:19-1297-HMH-KFM, 2019 WL 3288902 (D.S.C. July 22, 2019), *vacated* (Aug. 14, 2019), and *report and recommendation adopted sub nom. Anthony T. Glover, Petitioner, v. Warden, FCI Ashland, Respondent.*, No. CV 6:19-1297-HMH-KFM, 2019 WL 4274373 (D.S.C. Sept. 10, 2019); *Edwards v. Marske*, No. 17-CV-114-JDP, 2019 WL 1430283, at * 2 (W.D. Wis. Mar. 29, 2019); *Alexander v. Spaulding,* No. 18-CV-11100, 2019 WL 1027925, at * 1, n. 2 (D. Mass. Mar. 4, 2019); *see also United States v. Boulding*, 379 F. Supp. 3d 646, 651 (W.D. Mich. 2019)("Whether to reduce the sentence of an eligible defendant [under the First Step Act] is left to the

sentencing court's discretion."). This Court lacks jurisdiction to consider a sentence reduction under the First Step Act.

Petitioner is also not entitled to a sentence reduction under the First Step Act because the sentencing judge already denied his request for a reduction under this law. Section 404 (c) of the First Step Act says in pertinent part: "No court shall entertain a motion made under this section to reduce a sentence if…. a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Petitioner is not eligible for a sentence reduction under the First Step Act because his previous motion for a reduction of sentence under the First Step Act was denied on the merits by the sentencing judge. *Compare United States v. Boulding*, 379 F. Supp. 3d at 654 (defendant able to seek sentence reduction under the First Step Act because had had not previously moved to reduce his sentence under Section 404 of the Act).

Finally, habeas corpus relief is unavailable to a federal prisoner like petitioner whose claims have already been ruled upon adversely in a prior proceeding. *See e.g. Sandles v. Scott,* 26 F. Supp. 2d 1355, 1356-57 (N.D. Ga. 1998). Under the doctrine of claim preclusion, a final judgment bars any and all claims by a litigant based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented. *See Black v. Ryder/P.I.E. Nationwide,*

*Inc.*, 15 F.3d 573, 582 (6th Cir.1994). Even absent the limitations contained within 404(c) of the First Step Act, petitioner's habeas application is barred by the doctrine of claim preclusion, because petitioner's claim is virtually identical to the claim that he raised in his prior motion to reduce the sentence before the United States District Court for the Eastern District of Kentucky. *See, e.g., Lanthron v. U.S.,* 3 F. App'x. 490, 491 (6th Cir. 2001); *see also Smith v. Reno,* 3 F. App'x. 403 (6th Cir. 2001).

### III. CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

Dated: September 23, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 23, 2019, by electronic and/or ordinary mail.

                                          s/Teresa McGovern
                                          Case Manager